The party killed must be a reasonable being alive & in the king's peace.

We have no statute similar to the 43 Geo. 3. c. 58 in this State. The crime, therefore, of administering drugs to a pregnant woman, or by blows, or any other means destroying her child before it is born, is only a misdemeanor.

It is murder to shoot or otherwise unlawfully kill a person committing a misdemeanor, although he could not otherwise have been taken. 4 Comm. p. 201.

---

*Oyer and Terminer, December, 1816, before the Hon. William W. Van Ness.*

The People *vs.* Diana Sellick. *Murder.*

DIANA SELLICK was brought up and arraigned on a charge of committing murder on the person of Hetty Johnson, an infant, on the 14th of January, 1816.

Murder by poison.

Malice implied.

CASE.

The facts appeared by the testimony as follows : The prisoner had put her child to Hetty Johnson, the mother

NEW YORK,  of the deceased, to nurse, and on the day mentioned, came

The People  to the house for the apparent purpose of seeing her child.

*vs.*  She had a white bowl which she said contained gin, and

Diana Sellick  wanted Mrs. Johnson to drink. Upon her refusal to drink,
Diana sweetened the liquor and gave part of it to her own child, and part to Hetty Johnson, the deceased. She first either drank or pretended to drink, and then turned some of it out in a glass and gave it to her child, and filled two teaspoonfuls and gave it to the deceased.

In about fifteen minutes the children were taken sick, and vomited very much. The child of the prisoner finally recovered, but Hetty Johnson died. Mrs. Johnson at first was at a loss to what to attribute their sickness. She went for her husband, and left the prisoner and the children in the house; when she returned, she found the mouth of her child dry and parched; saw in the fire the remains of a paper that had been burned, and saw some white stuff scattered on the mantle-piece, ascertained to be poison.

To the inquiries what she had given the children, she answered nothing; that if the children were poisoned, it must have been in the liquor purchased from Mr. Disbrow's.

It was proved that the prisoner purchased sixpence worth of poison a short time before the murder, of Mr. Seaman.

It was satisfactorily proved the children were poisoned, by the testimony of a medical gentleman.

Vide 1 Harg.
St.Tr. 325. 11
Harg.St. Tr.1     *His Honor Van Ness,* after reviewing the testimony,
1 Hale, 466, 3
Inst. 48. Star-  observed, that it was not only necessary that the jury should
kie, 364. Cro.  believe the prisoner committed the act, but it was also ne-
C. C. 379. 1
Leach,    457.  cessary it should be done with malice aforethought; that
Kel. 52.    6
Mass. Rep. p.  this malice was of two kinds, 1. Where prior grudges,
134.

quarrels, and menaces precede the murder. 2. Where a dan-
gerous weapon or other deadly means were used. That
the case now before the Court came under the latter;
and in such cases it was not necessary to show any motive
to influence the mind of the prisoner, that killing by
poison always implied malice; and although she had no
quarrel with Mrs. Johnson, or any of the family, or any
antecedent grudge, or indeed any assignable motive what-
ever to commit the crime, yet if the jury were of opinion,
from the evidence before them, that she administered the
poison as charged upon her, the law would imply the ma-
licious intent, however great the provocation might have
been, because the act itself evinced a settled and deliber-
ate purpose to murder.

The jury found her guilty of the murder as charged in
the indictment.

Note.—Murder by poison was formerly thought to be more criminal
than any species of murder, because it was a crime committed in se-
cret, where the suffering party had no opportunity to make a de-
fence. The statute, 28 Hen. 8. c. 9., declared the crime of murder
by poison to be high treason, and the punishment boiling to death:
under this statute several were actually boiled to death; but this act
was repealed by 1 Ed. 6, c. 12, and which brings murder by poison
upon the same footing as murder by any other means.

The statute of this state declares "that all wilful killing by poisoning of
"any person, done, perpetrated, or committed, or that at any time
"hereafter shall be done, perpetrated, or committed, shall be adjudg-
"ed, taken, and deemed wilful murder of malice prepense; and the
"offenders therein, their aiders, abettors, procurers, and counsellors,
"shall suffer death, and forfeit in every behalf, as in other cases of
"wilful murder of malice prepense." Rev. L. vol. 1, p.

This act is merely in affirmance of the common law. It creates no new
offence or any additional penalty. The malice prepense mentioned
in the statute, was always a part of the crime at common law.